*195 CHIEF JUSTICE GRAY,
dissenting.
¶32 I join the dissents of Justice Warner and Justice Rice on the pivotal underlying issue in this appeal, namely, whether in a professional situation the burden is on the professional-here, Dr. Baldwin-or the licensing authority-here, the Board of Chiropractors-to ensure that a professional license is current before the professional continues to practice. When a professional license expires by its terms on a stated date, it simply must be the professional’s responsibility to ensure that a renewed license has been issued or, in the event one has not been issued, to cease practicing until a renewed license has been obtained. Professionals should not need “keepers.”
¶33 In the present case, Dr. Baldwin called to inquire about the status of her license on September 2. The fact is that she could-and should-have done so either on or before September 1, the date she knew her license expired and the Board had not yet notified her of the results of its evaluation pursuant to Rule 8.12.601(6), ARM. Finally, in this first regard, the Court’s final sentence in ¶ 15-to the effect that the Board’s failure to notify the applicant in writing of the results of its evaluation does not prohibit the applicant seeking renewal from practicing before receiving the notice-is, perhaps, technically correct. The crucial distinction not made by the Court, however, is that the prohibition against practicing results from the expiration of the old license, not from the failure to notify.
¶34 I write separately to disagree with Justice Warner, and to strongly dissent from the Court’s opinion on the “disputable presumption of receipt” question. In my view, the Court both improperly applies, and incorrectly interprets, our cases addressing the disputable presumption.
¶35 Reviewing the facts of the present case briefly, Baldwin’s license to practice chiropractic was to expire by its terms on September 1, 1998. On August 17,1998, she mailed her renewal packet to the Board. Baldwin practiced her profession on September 1 and 2,1998, and her license was renewed on September 4, 1998. Baldwin subsequently received notice of proposed disciplinary action by the Board and requested a contested case hearing.
¶36 The hearing was conducted by a hearing examiner-the finder of fact in this matter. In his findings of fact, the hearing examiner found the facts set forth above. In addition, he expressly found the testimony of both Baldwin and the Administrator-who testified that she keeps records of license renewals, that she had no record of receiving *196 Baldwin’s renewal or check and that Baldwin’s packet had not been received-to be credible. He also found that Baldwin’s mailed envelope had never been returned to her and her check to the Board had never been cashed.
¶37 In his conclusions of law, the hearing examiner addressed the disputable presumption contained in § 26-1-602(24), MCA, that a letter duly directed and mailed was received in the regular course of the mail. He determined that, in Baldwin’s case, “the presumption of receipt was overcome by evidence to the contrary.” The evidence cited was the evidence set forth above. The hearing examiner’s conclusion that evidence to the contrary overcame the disputable presumption implicitly incorporated his findings on the stated evidence and likely reflected an assessment that the evidence was “lost in the mail.”
¶38 The Court interprets Lindell as requiring more than a mere denial of receipt to overcome the presumption. Even assuming that interpretation is correct, this record contains more evidence weighing against the presumption than mere testimony by the addressee of nonreceipt. Here, the record reflects that Baldwin’s mailed envelope was never returned to her and her check to the Board was never cashed. Thus, the Court’s statement that the record contains only the Administrator’s testimony of nonreceipt is incorrect. Consequently, it was the province of the hearing examiner/finder of fact to give the presumption “such weight as the fact finder thinks it is entitled” under General Mills. The finder of fact proceeded accordingly here and determined that the presumption was outweighed and overcome. That determination is supported by the record. The Court, however, overlooks the record and its own interpretation of our cases. It simply removes the finder of fact from the equation altogether, in clear derogation of General Mills and Lindell. I cannot agree.
¶39 As stated above, however, it also is my view that the Court is improperly interpreting our case law on the disputable presumption of receipt. The thrust of General Mills and, indeed, cases prior to it, is that 1) there is a statutory, rebuttable presumption of receipt; 2) an addressee’s positive denial of receipt does not “nullify” the presumption; but 3) such a denial leaves the determination regarding receipt to the finder of fact. The Court does not follow General Mills. ¶40 Perhaps the Court is misled by the unfortunate use in General Mills of the word “nullify,” since it appears to proceed on the theory that “nullify” equals “rebut.” Of course, such a theory is incorrect. According to BLACK’S LAW DICTIONARY 1095 (7th ed. 1999), nullify means “[t]o make void; to render invalid.” Since the statutory *197 presumption at issue is “disputable,” use of the word nullify makes little sense, except possibly to mean that mere denial of receipt does not automatically resolve the receipt issue in favor of the addressee. Indeed, General Mills is clear that testimony of nonreceipt renders the receipt issue a question of fact for the finder of fact; nothing in General Mills or Lindell supports the Court’s determination here that testimony of nonreceipt is insufficient as a matter of law to rebut the presumption.
¶41 Moreover, “disputable”-when used as part of the term “disputable or rebuttable presumption”-means “[a]n inference drawn from certain facts that establish a prima facie case, which may be overcome by the introduction of contrary evidence.” BLACK’S LAW DICTIONARY 1205 (7th ed. 1999). Applied to this case, the definition means that the disputable presumption of receipt arose as an inference from the facts surrounding Baldwin’s mailing of the renewal packet. If no evidence to the contrary had been presented, receipt would have been established pursuant to the presumption. On the other hand, however, if contrary evidence is presented, as occurred in this case, the factfinder determines whether the presumption has been overcome.
¶42 Stated differently, a disputable presumption goes to the burden of production. The party asserting the presumption need not put on evidence that the mailing was actually received, and rightly so, since Baldwin could not possibly put on evidence of either receipt or nonreceipt by the Board. “A [disputable] presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption.” BLACK’S LAW DICTIONARY 1203 (7th ed. 1999). Here, the Board came forward with evidence to overcome the presumption. Under our cases, the finder of fact then weighed the evidence and determined that the presumption had been overcome. That was his job, he did it, and it is my view that this Court cannot simply reweigh the evidence and substitute its judgment for that of the factfinder.
¶43 I dissent from the Court’s opinion, and would affirm the District Court.